# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**TERRILL L. AILEP,**
**D.O.C. # M09499,**

    **Plaintiff,**

vs.                                             Case No. 4:19cv266-AW-CAS

**OFFICER DALAN MCDONALD,**
**LORI NORWOOD, and**
**ASSISTANT WARDEN JAVIER JONES,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil rights case by submitting a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Plaintiff was required to submit an amended motion, ECF No. 3, which he did, ECF No. 5, and which was granted, and Plaintiff assessed an initial partial filing fee. ECF No. 6. The docket reveals that Plaintiff has now paid the fee, and the complaint, ECF No. 1, has now been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's complaint is brought against three prison officials who are employed at Dade Correctional Institution in Florida City, Florida.  ECF No. 1 at 2-3.  The events at issue in this case occurred at that institution.  Accordingly, venue is more appropriate in the United States District Court for the Southern District of Florida.  28 U.S.C. § 1391(b).

However, there is no need to transfer this case to that Court because Plaintiff's complaint demonstrates that he already sought to litigate his case there.  ECF No. 1 at 22.  Judicial notice is taken that Plaintiff filed case number 1:17cv22815 in the Southern District of Florida in July 2017.  The case was dismissed on September 28, 2017, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  ECF No. 11 of that case.  The Report and Recommendation, ECF No. 6, of that case demonstrates that Plaintiff sought to bring the same claims against the same three Defendants as raised in the instant complaint.

Under the doctrine of res judicata, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001).  In other words, res judicata forecloses re-litigation of matters actually or potentially litigated in an earlier lawsuit.

Case No. 4:19cv266-AW-CAS

Richardson v. Alabama State Bd of Educ., 935 F.2d 1240 (11th Cir. 1991).

> [A] party seeking to invoke the doctrine must establish ... four initial elements: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

In re Piper Aircraft Corp., 244 F.3d at 1296.  In this case, all four requirements are met.  Having reviewed the instant complaint, ECF No. 1, Plaintiff has not alleged any new claims.  Moreover, there is no apparent reason why any new claim, if one could now be presented, could not have been raised in the prior suit.  Accordingly, res judicata applies and this case should be dismissed and not transferred.

Plaintiff should be well aware at this point that he may not seek relief in a § 1983 action to recover for the loss of his property.  If personal property of an inmate was taken and not returned because of a defendant's negligence, there is no unconstitutional deprivation of property.  Daniels v. Williams, 474 U.S. 327 , 106 S. Ct. 662, 88 L. Ed.2d 662 (1986).  Negligence is insufficient to state a claim.

Even if Plaintiff contends that the loss of property was done intentionally, his claim is still foreclosed.  Parratt v. Taylor, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 1916-17, 68 L. Ed. 2d 420 (1981), "and its progeny hold that a deprivation of liberty or property is not cognizable under Section 1983 when a state's post-deprivation remedies are adequate to protect a victim's procedural due process rights."[1]  Wood v. Ostrander, 879 F.2d 583, 588 (9th Cir. 1989) (citing Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).

> [A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.  For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.

Hudson, 468 U.S. at 533, 104 S. Ct. at 3204 (footnote omitted). Postdeprivation procedures satisfy due process for unauthorized deprivations by state actors, whether intentional or negligent, because the state cannot know in advance of the deprivation and therefore cannot provide predeprivation process.  *Id.*, at 534, 104 S. Ct. at 3204.

---

[1] This aspect of Parratt was not overruled by Daniels v. Williams, 474 U.S. 327 (1986).

The State of Florida has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1). The existence of § 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property.[2] In addition, the Administrative Rules which govern the Department of Corrections contain a process by which an inmate may request compensation or replacement of missing property. FLA. ADMIN. CODE R. 33-602.201(14). There is no indication that Florida's statutory scheme or the administrative process is not adequate. Indeed, Plaintiff's complaint makes clear that he already availed himself of that process. *See* ECF No. 1 at 9-10. Thus, Plaintiff's claim concerning the deprivation of his property is not cognizable in this § 1983 action and this case should be dismissed.

---

[2] The undersigned issues no opinion on the timeliness of such a remedy at this juncture. *See* § 768.28(6)(a).

Case No. 4:19cv266-AW-CAS

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No. 1, be **DISMISSED** because it is barred by the doctrine of res judicata and fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).  It is further recommended that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on March 25, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on**

**appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**